## S. T. HALL *v.* T. C. LYON.

1. CONTESTED ELECTIONS. *Jurisdiction. Practice.*
   By filing a petition in the circuit clerk's office within twenty days after an election, a contestant complies with Code 1880, § 150, and brings his case under the original jurisdiction of the court conferred by the Constitution.
2. SAME. *Trial in vacation. Summons.*
   Summons issues and is served as in other cases, unless application is made to the circuit judge for trial in vacation, under Code, 1880, §§ 151, 2608, when none is issued until the order is made. *Crisler* v. *Morrison*, 57 Miss. 791, distinguished.

APPEAL from the Circuit Court of Chickasaw County.

Hon. J. A. GREEN, Judge, presiding at the trial, in vacation.

The appellant and the appellee were opposing candidates for the office of treasurer of Chickasaw County at a general election held on Nov. 8, 1881, and the latter being returned as elected, the former, on Nov. 28, 1881, filed a petition to con-

test his election in the clerk's office of the Circuit Court, and next day obtained the fiat of the circuit judge directing the clerk to issue a summons for the appellee to appear at the court-house of the county on Dec. 13, 1881, and a *venire facias* for a jury returnable at the same time and place. On Nov. 30, 1881, the summons and *venire facias* were issued, and the former was on the same day served personally upon the appellee. At the time appointed both parties appeared, and on the appellee's motion the summons was quashed and the petition dismissed, upon the ground that the petition was not filed or the writ issued or served within the time prescribed in the statute.

*R. Davis*, for the appellant.

This proceeding was under Code 1880, § 150 ; and, as authorized in § 151, application was made for a trial in vacation. When the trial was had, under the general constitutional jurisdiction of the Circuit Court, the suit could not be dismissed because a clerk failed to issue a writ immediately upon the filing of the petition. *Hunt* v. *Potter*, 58 Miss. 96. In the case of *Crisler* v. *Morrison*, 57 Miss. 791, a statute conferring upon a justice of the peace special and limited jurisdiction was construed. That ruling is inapplicable ; for here we have a court of original jurisdiction, and the statute under consideration only regulates the procedure. Issuance of the summons, before the circuit judge made his order, would be useless and misleading, as the clerk could not anticipate what date would be fixed for the trial. Whether the summons was erroneous or not, however, the defendant appeared ; and if he had not, a defect in the notice could not affect the constitutional jurisdiction.

*Lacey & Baskin*, for the appellee.

From the petition it is evident that the appellant's case was from the outset, under the statute, a proceeding begun and to be tried in vacation, and not a suit in the Circuit Court, under its constitutional jurisdiction. Filing the petition with the circuit clerk before it was presented to the judge was a nullity. After the judge's fiat was obtained the petition was not filed. Upon all the facts, the motion to quash the summons and dismiss the petition was properly sustained. Code 1880, §§ 150, 151, 1522, 2608 ; *Crisler* v. *Morrison*, 57 Miss. 791.

CAMPBELL, J., delivered the opinion of the court.

Filing his petition in the office of the clerk of the Circuit Court of the county, within twenty days after the election sought to be contested, was a compliance with § 150 of the Code of 1880; and the fact that a summons was not immediately issued for the defendant, but that application was made to the circuit judge for an order to try the case in vacation, and that a summons was not issued until after the circuit judge had ordered a trial in vacation, when one was issued for the defendant returnable on the day and at the place directed by the order of the judge, did not authorize the quashing of the summons and dismissal of the cause. A failure to observe the distinction between the statute in force when the case of *Crisler* v. *Morrison,* 57 Miss. 791, arose, and the provisions of the Code of 1880 on this subject, probably led to the error committed in this case. The Act of 1878 permitted the petitioner to select any justice of the peace of the county, and seemed to contemplate the issuance and return of the summons five days after petition filed, with a view to a speedy trial and determination before the first Monday in January thereafter, and made the prescribed time jurisdictional to some extent, as was held in that case. The Code provides for a contest in the Circuit Court, which is invested by the Constitution with original jurisdiction in all matters civil and criminal.

The mode prescribed for commencing the contest is by petition, which must be filed in the proper office within twenty days after the election. A summons is then to be issued for the defendant, returnable to the next term of the court, " which summons shall be served as in other cases," i. e., five days before the return day, and as an ordinary summons is required to be, and the case is triable at the return term of the court. Provision is made for the trial of such cases in vacation, upon the order of the circuit judge of the district, where a petition shall be filed more than forty days before the next term of the Circuit Court to be held in the county next after the election. If the circuit judge orders a trial in vacation, a summons for the defendant to appear at the time and place prescribed by the judge in his order is to be issued and served five days before the day fixed, and the defendant is required to

appear, when such proceedings should be had as would take place if the summons had been returnable to a term of the court. Code 1880, §§ 150, 151, 2608.

A petition to contest an election must be commenced in the manner prescribed by law within twenty days after the election; and, when thus commenced, the only requirement as to a summons is that it shall be issued, and be served on the defendant, as in other cases in the Circuit Court. If issued instantly upon filing the petition, it need not be served on the defendant until the Wednesday before the term to commence on the next Monday. The defendant is entitled to only five days' notice of the petition before the commencement of the term of the court at which a trial is to be had. The time for a return of the summons, as well as the court and the place, are prescribed by law, and the reasoning of the court in the case cited above has no application to the proceeding under the Code now in force.

Ordinarily, on filing a petition to contest an election, a summons would be immediately issued returnable to the next term of the Circuit Court; but if the petitioner desires to make application to the circuit judge to order a trial in vacation, and does so, the fact that the clerk delays to issue a summons until the result of the application to the judge is known, does not render nugatory the filing of the petition whereby the suit is commenced. No good would be done by issuing a summons returnable to the next term, when, before or after its execution, a summons to answer the petition in vacation might be served on the defendant in conformity to the order of the circuit judge for a trial in vacation.

The judgment dismissing the petition is reversed, and the cause remanded to the Circuit Court of Chickasaw County, second district, to be proceeded in as if the judgment dismissing the petition had not been rendered. The appellee, being in court, need not be summoned to appear.

*Judgment accordingly.*